[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15885
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 25, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-02875-CV-RWS-1

JEFFREY LEWIS,

                                                      Plaintiff-Appellant,

versus

METROPOLITAN ATLANTA RAPID TRANSIT AUTHORITY
(MARTA),
WANDA DUNHAM, individually and in her official
capacity as Chief of the MARTA Police
Department,
CAROL JOHNSON, individually and in her official
capacity as Assistant Chief of the MARTA Police
Department,

                                                      Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 25, 2009)

Before DUBINA, Chief Judge, TJOFLAT and BLACK, Circuit Judges.

PER CURIAM:

Jeffrey Lewis, a white male, appeals the district court's grant of summary judgment in favor of Metropolitan Atlanta Rapid Transit Authority (MARTA), Wanda Dunham, and Carol Johnson[1] in his employment discrimination suit brought under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. §§ 1981 and 1983. We address each of his issues on appeal in turn, and affirm the district court.[2]

I.

Lewis contends the district court erred by characterizing his evidence as circumstantial rather than direct, and he thus asserts the *McDonnell Douglas*[3] framework is inapplicable. Specifically, Lewis maintains statements made by Dunham and Johnson indicate Lewis would not have been fired if he were an African-American. Lewis focuses on Dunham's and Johnson's refusals at their depositions to speculate about what the outcome of his case would have been if

---

[1] We refer to MARTA, Dunham, and Johnson collectively as the MARTA defendants.

[2] We review *de novo* a district court's grant of summary judgment. *Holloman v. Mail-Well Corp.*, 443 F.3d 832, 836 (11th Cir. 2006). "Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and compels judgment as a matter of law in favor of the moving party." *Id.* at 836–37.

[3] *McDonnell Douglas Corp. v. Green*, 93 S. Ct. 1817 (1973).

2

Lewis were an African-American. According to Lewis, Dunham's and Johnson's refusals to speculate constitute direct evidence that he would not have been fired if he were African-American.

A refusal to speculate at a deposition about hypothetical outcomes does not constitute a "blatant remark[], whose intent could mean nothing other than to discriminate." *See Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1086 (11th Cir. 2004) (stating direct evidence of discrimination is evidence which, if believed, would prove the existence of a fact in issue without inference or presumption). Concluding a refusal to answer a hypothetical question evidences discriminatory intent requires a significant, if not vast, inferential leap from the listener. Accordingly, the district court did not err in characterizing Lewis's evidence as circumstantial and in analyzing Lewis's claims under the *McDonnell Douglas* burden-shifting framework. *See E.E.O.C. v. Joe's Stone Crabs*, 296 F.3d 1265, 1272 (11th Cir. 2002) (holding that in reviewing Title VII claims that are supported by circumstantial evidence, this Court uses the three-step burden-shifting framework established in *McDonnell Douglas*).

## II.

Next, assuming *arguendo* the applicability of the *McDonnell Douglas* framework, Lewis contends the district court's grant of summary

judgment to the MARTA defendants was improper because the explanation offered for his termination was pretextual. Lewis asserts he has presented evidence demonstrating pretext, including (1) he did not violate a work rule, (2) Dunham and Johnson made discriminatory statements, (3) Dunham and Johnson provided inconsistent explanations for his termination, (4) a similarly situated African-American received more favorable treatment after he made a racially offensive comment, (5) the MARTA defendants acted in bad faith during their investigation of the incident at issue, (6) the MARTA defendants failed to follow established protocols during their investigation of the incident, and (7) the MARTA defendants were subjected to "outside pressure" to fire Lewis.

Under the *McDonnell Douglas* framework,[4] the plaintiff must first establish a *prima facie* case of discrimination, which creates a presumption of discrimination. *Wilson*, 376 F.3d at 1087. If the plaintiff establishes a *prima facie* case of discrimination, the burden shifts to the defendant to "show a legitimate, non-discriminatory reason for its employment action." *Burke-Fowler v. Orange County*, 447 F.3d 1319, 1323 (11th Cir. 2006). If the employer is able to meet its

---

[4] Lewis's §§ 1981 and 1983 claims are analyzed under the same framework as his Title VII claim. *See Rioux v. City of Atlanta*, 520 F.3d 1269, 1275 n.5 (11th Cir. 2008) ("Title VII and section 1983 claims have the same elements where the claims are based on the same set of facts."); *Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1330 (11th Cir. 1998) ("Both [Title VII and § 1981] have the same requirements of proof and use the same analytical framework.").

4

burden, the plaintiff must then show the proffered reason is merely a pretext for discrimination. *Tex. Dep't of Cmty. Affairs v. Burdine*, 101 S. Ct. 1089, 1095 (1981).

The inquiry into pretext requires us to, "in view of all the evidence, determine whether the plaintiff has cast sufficient doubt on the defendant's proffered nondiscriminatory reasons to permit a reasonable factfinder to conclude that the employer's proffered legitimate reasons were not what actually motivated its conduct." *Combs v. Plantation Patterns*, 106 F.3d 1519, 1538 (11th Cir. 1997) (internal quotation marks omitted). Such evidence must demonstrate "such weaknesses, implausibilities, inconsistences, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence." *Jackson v. Ala. State Tenure Comm'n.*, 405 F.3d 1276, 1289 (11th Cir. 2005). A plaintiff may not establish pretext simply by questioning the wisdom of the employer's reason. *Combs*, 106 F.3d at 1543. Instead, the plaintiff must meet the employer's reason "head on" and rebut it. *Wilson*, 376 F.3d at 1088.

Importantly, if an employer disciplines an employee because it mistakenly, but honestly, believes the employee violated a company policy, the disciplinary act is not "because of race" and the employer has not violated the law. *See Elrod v.*

5

*Sears, Roebuck & Co.*, 939 F.2d 1466, 1470 (11th Cir. 1991). Our only concern is the honesty of the employer's explanation, even if the employer was mistaken about the facts underlying those reasons. *Cooper v. Southern Co.*, 390 F.3d 695, 730 (11th Cir. 2004). A plaintiff may also show pretext by introducing evidence that similarly situated employees were disciplined differently for similar conduct. *Anderson v. WBMG-42*, 253 F.3d 561, 564 (11th Cir. 2001).

Here, the parties do not contest the district court's conclusion that Lewis established a *prima facie* case of discrimination. Therefore, we analyze only whether Lewis has made a case that the reason for his termination is pretextual. Lewis first contends he did not violate a work rule because he did not intend to offend his subordinates—all of whom were African-American—when he suggested bringing watermelon to roll call. The relevant inquiry, however, is whether Dunham, the ultimate decisionmaker, honestly believed Lewis committed the violation. *See Cooper*, 390 F.3d at 730. Lewis has not disputed he made the "watermelon" comment, and he has not presented any evidence that Dunham did not believe he committed the work place violation. Nor has Lewis shown that Dunham's belief was not the true reason that she fired him.

Lewis next argues discriminatory language associated with an adverse employment action is also evidence of pretext. Lewis contends that proposition is

6

pertinent here in the sense Dunham and Johnson considered his "watermelon" comment offensive only because Lewis is white, and this shared racial stereotype is evidence that he was fired because of his race. Lewis's argument is misplaced because it fails to distinguish between the characterization of his comment as offensive and the ultimate decision to terminate his employment. Indeed, Lewis has not presented any evidence that the MARTA defendants took his race into consideration when they elected to fire him.

Lewis further maintains Dunham and Johnson provided inconsistent explanations for his termination, and these explanations establish pretext. In his argument, Lewis focuses on Dunham's comment that Lewis was fired "because the officers were offended." This reason, however, was not the only one Dunham provided for Lewis's termination. In her deposition, when asked if Lewis was fired because his subordinates were offended, Dunham stated, "No, I didn't fire him just for that. I fired him because he had three sustaining [sic] complaints in a three-year period." Dunham's testimony is not inconsistent. Furthermore, her testimony is elaboration of the general reason why Lewis was fired—i.e., disregard for MARTA rules and regulations—and thus is not evidence of pretext. *Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1332 (11th Cir. 1998) ("[E]xplanation of a general reason is insufficient to show pretext.").

7

Lewis's attempt to use an African-American officer as a comparator also fails. In evaluating whether employees are similarly situated, this Court looks to "whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways." *Burke-Fowler*, 447 F.3d at 1323. We "require that the quantity and quality of the comparator's misconduct be nearly identical to prevent courts from second-guessing employers' reasonable decisions and confusing apples with oranges." *Id.* Lewis has presented no evidence that the African-American officer had a similar disciplinary history. That officer was demoted after making *one* racial comment. Lewis has not demonstrated that the officer had the same or similar history of misconduct (i.e., three write-ups in a three-year period) or that he was disciplined differently.

Lewis has also failed to demonstrate why the MARTA defendants' investigative efforts evidence bad faith. Lewis has not controverted any of the findings of the investigation. He does not deny his disciplinary history or that he made the "watermelon" comment to his subordinates. Furthermore, Lewis's claim that the MARTA defendants did not follow protocol is not supported by evidence. The record shows MARTA's Department of Equal Opportunity determined Lewis's remarks did not create a hostile work environment as defined by Title VII. MARTA Police Internal Affairs then determined Lewis violated two work rules.

Lewis has failed to identify how this investigation process is evidence that the reason for firing him is pretextual.

Finally, Lewis's claim that the MARTA defendants were subjected to outside pressure to fire Lewis is unsupported by the record. The record shows the subordinate officers submitted complaints about Lewis's "watermelon" comment. These complaints do not demonstrate the officers were pressuring the MARTA defendants to fire Lewis because he is white.

In sum, Lewis has failed to present sufficient evidence for a reasonable jury to find the MARTA defendants' articulated reason for their actions was a pretext for unlawful discrimination. Accordingly, the district court did not err in granting summary judgment to the MARTA defendants as to this issue.

III.

Finally, Lewis maintains the district court should have analyzed his case using a mixed-motive framework because he presented evidence that his race was a "motivating factor" in the MARTA defendants' decision to terminate him.

Title VII also provides for liability in mixed-motive cases, in which a plaintiff alleges an employment decision was motivated by both legitimate and discriminatory reasons. *See* 42 U.S.C. § 2000e-2(m). In these cases, *Desert Palace, Inc. v. Costa*, 123 S. Ct. 2148 (2003), requires the plaintiff first to establish

9

an unlawful employment practice occurred, by demonstrating that "race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice." *Id.* at 2151 (quoting 42 U.S.C. § 2000e-2(m)).

Lewis's claims would not survive summary judgment under even a mixed-motive framework. Specifically, Lewis has failed to present sufficient evidence for a reasonable jury to conclude his race was a motivating factor in the MARTA defendants' decision to terminate him. Although the MARTA defendants did recognize Lewis's and his subordinates' races when they determined his "watermelon" comment was offensive, Lewis has not shown this recognition was illegitimate. Furthermore, the record shows Lewis was terminated because of his disciplinary history. Lewis has presented no evidence that suggests the decision to fire him because of his disciplinary history would have been different if he were African-American.

Accordingly, Lewis's claims fail under either the *McDonnell Douglas* or mixed-motive framework, and the district court did not err in granting summary judgment in favor of the MARTA defendants.

**AFFIRMED.**